The Attorney General is in receipt of your request for an official opinion, wherein you inquire: "1. May full-time state employees, particularly professional personnel, be paid consultant fees by another state agency if the work hours are not contemporaneous? (A.G. Opinion 75-146) "2. If the answer to the first question is in the affirmative, then is an agency, when contracting with a consultant who is employed full-time by another state agency, required to pay that consultant as an employee on its payroll or may he be paid on a fee basis pursuant to a contract?" Title 74 O.S. 1404 [74-1404] (1979) of the State Employees Code of Ethics provides: "No state employee shall: * * * "(d) Sell, offer to sell or cause to be sold, either as an individual or through any business enterprise in which he holds a substantial financial interest, goods or services to any state agency . . . . except as provided in Section 1405(a) of this title; . . " (Emphasis added) Title 74 O.S. 1405 [74-1405](a) (1971), the exception referenced in 74 O.S. 1404 [74-1404](d), provides: "No state agency shall: "(a) Enter into any contract with a state employee of the agency, or with a business in which such person shall have a substantial financial interests unless the contract is made after public notice and competitive bidding; provided, that this subsection shall not apply to a contract of employment with the state; . . ." (Emphasis added) Section 74 O.S. 1405 [74-1405](a) is limited by its express terms to contracts between state agencies and their own employees or businesses in which they have "substantial financial interests", as defined in 74 O.S. 1403 [74-1403](c) (1971). Your question addresses consultant contracts between a state agency and employees of another state agency, and therefore 74 O.S. 1405 [74-1405](a) is inapplicable. Having determined inapplicable, the only exception to 1404(d)'s prohibition on sale of services by a state employee to a state agency, your question must be answered by a construction of 74 O.S. 1404 [74-1404](d) alone. Legislative enactments must be interpreted in accordance with the plain, ordinary meaning and import of the language employed, unless there is ambiguity. Applications of Oklahoma Turnpike Authority, Okl. 277 P.2d 176 (1955). We find no ambiguity in 1404(d). Payment of consultant fees, as postulated in your question, contemplates the existence of a contract for consultant services. A state employee is prohibited from entering into such a contract with "another state agency." Please note that this Opinion does not consider contracts between state agencies and their own employees, which would open up a broad range of legal problems not considered herein. Attorney General Opinion No. 75-146, cited in your opinion request, held that dual employment of the same employee by two state agencies, where working hours are contemporaneous, is unlawful. Such is a sound statement of the law. However, to the extent that Attorney General Opinion No. 75-146 may be construed to permit a state employee to sell services as a consultant to another state agency, where working hours are not contemporaneous, the Opinion is hereby modified. It is, therefore, the official opinion of the Attorney General that: 1. A state employee of one agency may not enter into a contract with another state agency, either as an individual or through any business enterprise in which the employee holds a substantial financial interest was defined in 74 O.S. 1403 [74-1403](c) (1971), to furnish said agency consultant services; 2. A full-time state employee of one agency may not be paid consultant fees by another state agency. In view of the answer to your first question, it is unnecessary to reach your second question. (Floyd W. Taylor) ** See: Opinion No. 91-634 (1991) (Unpublished) ** ** See: Opinion No. 87-534 (1987) (Unpublished) ** ** See: Opinion No. 88-023 — This overrules this Opinion ** ** See: Opinion No. 92-022 (1993) — This overrules this Opinion ** (Dual Compensation, Dual Employment)